IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30278

Summary Calendar

_____

RANDY S. LAPLANTE,

Plaintiff-Appellant,

versus

KEITH HALL, Warden,
Federal Corrections Institute,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana

(94-CV-1288-P)

_____

October 27, 1995

Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

GARWOOD, Circuit Judge:

Petitioner-appellant Randall S. Laplante (Laplante), an alien incarcerated at FCI Oakdale, Louisiana, pursuant to a sentence imposed by the United States District Court in Massachusetts, on July 15, 1994, filed the instant habeas petition under 28 U.S.C. §

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

2241 in the United States District Court for the Western District of Louisiana seeking judicial review of the Bureau of Prison's (BOP) calculation of his sentence pursuant to 18 U.S.C. § 3585(b)(2). Laplante moved for summary judgment and also filed an amended petition. Laplante contended that under section 3585(b)(2) he was entitled to 32 days' credit on his sentence to confinement for certain time he had been in custody prior to sentencing, and that the BOP had wrongfully denied him this credit. No attack was made on his conviction or on the sentence itself.

The respondent complied with the district court's order to file an answer and to supply the administrative records regarding Laplante's claims.

The matter was referred to a magistrate judge who, on December 22, 1994, recommended dismissal, both on the merits because section 3585(b)(2) was "not applicable," and as moot because "Laplante will suffer no present substantial collateral consequences as a result of th[e] allegedly unlawful period of detention."

Laplante filed objections, which the district court overruled when, in January 1995, it adopted the magistrate judge's report and dismissed the section 2241 petition both on the merits and "for the additional reason that this Court believes the petition moot as it has been advised the Petitioner was deported in November, 1994[.]" Laplante now appeals that dismissal.

The following facts are relevant. In 1993, Laplante pleaded guilty to violating 42 U.S.C. § 408(a)(7)(B), a felony, and on August 19, 1993, was sentenced by the United States District Court

2

in Massachusetts to a six-month term of imprisonment and a three-year period of supervised release.  He completed service of the confinement portion of his sentence and was released on September 24, 1993, to the custody of the INS.  Three days hence, on September 27, 1993, he was placed in the custody of the State of Massachusetts due to outstanding Massachusetts state charges.  The Massachusetts state charges were dismissed and on October 15, 1993, Laplante was returned to INS custody where he remained until October 26, 1993, at which time he was deported to Canada.  It is this 32-day period, from September 24, 1993, to October 26, 1993, for which Laplante seeks credit in the instant section 2241 petition.

After deportation on October 26, 1993, Laplante reentered the United States and was arrested on December 13, 1993, by Massachusetts authorities and held on bail until placed in INS custody on December 16, 1993.  On December 28, 1993, he was transferred to the custody of the BOP for violating the terms of his supervised release which, *inter alia*, prohibited his reentry into the United States without permission of the Attorney General pursuant to 18 U.S.C. § 3583(d).

After a hearing on January 11, 1994, the United States District Court in Massachusetts revoked Laplante's period of supervised release and resentenced him to an 11-month term of imprisonment and a 24-month term of supervised release.[1]  After

---

[1]     We have held that supervised release may not be reimposed in these circumstances.  *United States v. Holmes*, 954 F.2d 270, 272 (5th Cir. 1992).  The First Circuit has held to the contrary.  *See*

3

serving his eleven-month sentence, he was released from BOP custody on November 10, 1994, to INS custody and subsequently, on or before December 1, 1994, was deported once again to Canada where, ostensibly, he remains.

Laplante contends that the district court erred by dismissing his section 2241 petition. Specifically, he contends that the district court's determination that his petition was moot because he had been deported was erroneous, and also that the district court erred when construing section 3585(b)(2). We agree that the petition was properly dismissed as moot, and hence affirm on that basis, without reaching the merits.

The magistrate judge recommended dismissing Laplante's petition, *inter alia*, as moot, determining that no live case or controversy existed because "the mere possibility that Laplante will be released from INS custody[2] and not deported before the expiration of his term of supervised release is too speculative to give rise to a case or controversy," citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987). The magistrate judge reasoned that even if Laplante received the credit sought for time served, he "would have still been subject to the [INS] detainer upon completion of his sentence."

Thus, the magistrate judge concluded that no collateral

*United States v. O'Neil*, 11 F.3d 292, 301 (1st Cir. 1993). Laplante does not in this proceeding challenge the 1994 imposition of supervised release.

2    Laplante was in custody awaiting deportation proceedings at the time that the magistrate judge made his recommendation, but has subsequently been deported to Canada.

4

consequences were substantially present stemming from the alleged illegal calculation of his sentence and, thus, the issue was moot, citing *Maggard v. Florida Parole Commission*, 616 F.2d 890, 891 (5th Cir.), *cert. denied*, 450 U.S. 960 (1980). The district court adopted the magistrate judge's report and "for the additional reason that this Court believes the petition moot as it has been advised that the Petitioner was deported," dismissed Laplante's habeas petition. Laplante argues, however, that if his sentence is credited with the 32 days, his current period of supervised release also will end 32 days earlier.

Laplante, as he was in BOP custody when his petition was filed, meets the "in custody" requirements of section 2241 notwithstanding his release from custody prior to judgment. Under *Carafas v. LaVallee*, 88 S.Ct. 1556, 1559 (1968), the issue of mootness in habeas cases turns on the substantiality of any present collateral consequences that may stem from the alleged illegal detention. *Maggard* at 891. As Laplante does not in this proceeding challenge either his conviction or sentence (neither that in 1993 nor that in 1994), but only the duration of his confinement under the 1994 sentence, the only relevant possible collateral consequences are those which would stem from his having, under his theory, been made to serve 32 days longer than he should have had to under the 1994 sentence. The only possible collateral consequence of this is that his 24-month period of supervised release will commence 32 days later than (according to him) it should have and will thus terminate 32 days later. However,

5

Laplante, an alien, was deported prior to the district court's judgment. While his supervised release term continues to run notwithstanding his deportation,[3] it is not practically enforceable or effective while he remains outside the United States. Under 8 U.S.C. § 1326(b)(1), he is precluded from legally reentering the United States (without the express consent of the Attorney General to his application for admission, should he make such). In these circumstances, we conclude that the possibility of any adverse collateral consequences to Laplante from the assertedly wrongful possible 32-day prolongation of the term of his supervised release is not sufficiently substantial to prevent his release from confinement and deportation prior to judgment from mooting his instant section 2241 petition.

The district court's judgment dismissing the section 2241 petition as moot is

AFFIRMED.[4]

---

[3] *See United States v. Brown*, 54 F.2d 234, 237-239 (5th Cir. 1995).

[4] To the extent that the judgment of dismissal below alternatively ruled on the merits, it is modified to be solely on the basis of mootness; when a case becomes moot dismissal generally should be on that basis alone.